## Thomas Smith v. Allen Crittenden.

*Construction of statute: Clerk's certificate of tax to Supervisor, when to be made.*
By section six of the laws of 1865, p. 145, it is provided that the township clerks shall certify, on or before the first Monday of October in each year, to the supervisor of their township, the amount of the town indebtedness, growing out of the payment of bounties, etc.

When the certificate was not given until after the first Monday, but before the second Monday, it was held that the law must be considered so far directory that the certificate was equally valid; given, as it was, after the first, but before the second Monday.

*Annual Town Meeting: Special notice: Bounties.* Section five of said law provides that the electors shall, "at the annual, or at some special meeting regularly called for that purpose, determine the amount to be raised," etc., for bounty purposes. *Held,* that this language does not imply that any special notice shall be given for said purpose, except where the subject was to be considered at a special meeting: the time of the annual meeting being fixed by law.

*Clerk's certificate, when conclusive upon the Supervisor.* When the certificate of the clerk—mentioned in said law—is regular upon its face and nothing is shown to invalidate the proceedings prior thereto, it is conclusive upon the supervisor, and makes it his duty to assess the tax and to issue his warrant for its collection.

*Heard October 16th. Decided October 22d.*

Error to Washtenaw Circuit.

This was an action of trespass to recover damages of the Supervisor of Pittsfield for having attached his warrant to the tax roll for 1865, by reason of which plaintiff's property was seized. The tax was alleged to be illegal.

Judgment was rendered for the defendant.

The facts are stated in the opinion.

*O. Hawkins,* for plaintiff in error.

1. This court has already decided that the several laws of this state do not empower the Supervisors to levy the tax set forth in the proceedings in this cause.—13 *Mich.* 540.

2. By the stipulation of the printed case, it is admitted that the whole claim of the plaintiff against the defendant grows out of that portion of the tax of the township of Pittsfield, known as the "five thousand two hundred dollar tax,"

which the plaintiff claims is illegal and unauthorized by Act No. 86, page 140 of the laws of 1865.

3. The tax being illegal, the defendant was at liberty to refuse to collect it, and by not so doing, rendered himself liable as a trespasser, notwithstanding there were legal taxes included in the same assessment.—13 *Mass.* 271; 8 *N. H.* 166; 13 *Id.* 34; 4 *Vt.* 601; 10 *Id.* 506.

If the township clerk's certificate was insufficient, the defendant was not justified.—5 *Mich.* 182.

*Norris & Uhl,* for defendant in error.

1 The certificate of the township clerk of the town of Pittsfield was sufficient to protect the defendant in error (Supervisor) from an action of trespass, for assessing the tax, and issuing his warrant, on the whole roll, because,

*a.* By law the clerk must certify.—1 *Comp. L.* § 807; *Laws of* 1864, *p.* 57; *Laws of* 1865, *p.* 145.

*b.* He is liable to a $500 forfeiture if he do not.— *Comp. L.* § 922 (as amended).

*c.* The Supervisor must assess, and must issue his warrant to the collector.— *Comp. L.* § 815 (as amended); *Laws of* 1863, *p.* 329; *Comp. L.* § 819; *Laws of* 1864, *p.* 57; *Laws of* 1865, *p.* 145.

*d.* He is also liable to forfeiture if he do not.— *Comp. L.* § 922.

The law will not punish him personally for doing (ministerially) what it compels him, under penalty, to do.

If he had discretion to refuse to assess any one item of tax, regularly certified to him, he had discretion to refuse to assess all, and thus arrest the wheels of township, county and state government.

The ruling of the court below in holding the certificate of the clerk a protection to the Supervisor in an action of trespass, was based upon the spirit and letter of—1 *Doug.* (*Mich.*) 199; 5 *Mich.* 182.

16 Mich. — L.

And the following authorities are in the same direction. — 5 *Mass.* 558; 5 *Wend.* 170, 233, 240; 11 *Id.* 91; 2 *Denio*, 86.

2.   The second assigned error is, that the court erred in holding the statute ( *Laws of* 1864, *p.* 57 ) requiring township clerks to certify on or before the first Monday in October, to the supervisor, this bounty tax, to be directory only.

This ruling was correct, and is fully sustained in principle.— 5 *Mich.* 151; 12 *Id.* 508, 523; 1 *Id.* 451; 2 *Id.* 486; 6 *Id.* 401; 8 *Id.* 267; 1 *Doug.* ( *Mich.*) 56; 6 *Wend.* 486; 3 *Mass.* 230.

This last case allowed assessors to assess a tax after the time limited in the act.

Again, a portion of the certificate, to wit:    "Township expenses, $200, * * * $200," was required by law to be certified on the second Monday (7th October), and the Laws of 1865, page 145, require the clerk "to certify * * * * in the same manner as is now by law his duty to report as to the incidental expenses of his township."— *Laws of* 1864, p. 57; *Laws of* 1865, *p.* 145; *Comp. L.* § 807.

And conflicting clauses should be so construed as that both may be effective, if possible.

3.   By the record, the only objection to the $5,200 tax lies in the alleged insufficiency of the notice given by a former township clerk.    The clerk making the certificate, certifies what he finds on the township books.    There is none required.— *Laws of* 1865, *p.* 145; 12 *Mich.*; 14 *Id.* 243.

*Non constat,* but that other notice, written or parol, was given; or that the electors fully understood for what and how they were voting.    The vote is the vital matter, and not the notice.

And if the notice was material, and is bad, assuredly the supervisor is not responsible, for the law gives him no control of that.

CHRISTIANCY J.

This was an action of trespass brought by the plaintiff in error against the defendant, who was supervisor of the

township of Pittsfield, Washtenaw County, for 1865, for having attached his warrant to the assessment or tax roll of the township for that year, under the command of which the plaintiff's property was seized by the township treasurer for the taxes. The only tax, the validity of which was disputed by the plaintiff, was the sum of five thousand two hundred dollars levied as a township tax for the purpose of paying bounties to volunteers for filling the quota of the township between July 18th, 1864, and February 4th, 1865; a ratable proportion of which was assessed upon the plaintiff's property.

The defendant justified, under a certificate of the township clerk to him, which was in due form, certifying, among other amounts to be raised for township purposes, this sum "to refund bounties." The certificate was dated October 7th, 1865, and was delivered to the supervisor on the same day.

The plaintiff in error insists that this certificate gave the supervisor no authority to assess this tax, for two reasons: 1st: Because it was not given until after the time required by the act "to legalize the action of certain townships, cities and counties in raising bounties for volunteers," approved March 2d, 1865, under which alone the defendant sought to justify the tax; and, 2d: Because the notice of the meeting, at which the vote of the electors was taken for raising this tax, was insufficient, in not mentioning the sum to be voted upon, etc., etc.

As to the first objection, it is true the act of 1865 (section 6) in terms required the clerk to certify the amount (to be raised for this purpose) to the supervisor "on or before the first Monday of October." * * * "in the same manner as it is now by law his duty to report as to incidental expenses of his township," etc., and the certificate was not given until after the first Monday, though before the second Monday. By reference to the Compiled Laws, § 807, it will be seen that incidental expenses, and all sums to be

raised by tax for township purposes, were to be certified "on or before the second Monday of October." Whether this provision in the law of 1865 is not to be treated as a virtual reference to, and adoption of the provision in the Compiled Laws, as regards the time when the certificate was to be made, we need not decide, as we are all of opinion that if the statute of 1865 is to be treated as fixing the period to the first Monday, the time must be considered as so far directory, merely, that the certificate was equally valid, given as it was after that day, but before the second Monday. And we think it entirely clear that if the clerk had refused to give the certificate by the first Monday, it would have been the duty of this court, upon a proper showing, to have compelled him by mandamus to give it after that date.

As to the second objection, that the notice of the township meeting was not sufficient to authorize the electors to vote upon the question of raising the tax, it is sufficient to say that, this being the annual township meeting, the statute of 1865 did not require any notice that this question was to be voted upon, and the vote would not be rendered invalid if no notice of the meeting had been given. The words "at the annual, or at some special meeting regularly called for that purpose" (sec. 5) do not imply that any such notice is required for the annual meeting, the time of which is fixed by law, but merely that, if it be a special meeting, the electors are to have notice of the purpose for which it is called, as in other cases of special meetings of the electors.

The first error assigned upon the record, is that "the court erred in holding that the paper writing purporting to be signed by William Allison, as township clerk, was sufficient justification to the defendant in error to include the illegal tax for advances made to volunteers, and that the plaintiff could not go behind the said paper document to show the illegality of the tax."

It is not a little remarkable that the record wholly fails to show that the court made any such ruling or announced

any such opinion or decision as supposed by this assignment of error.

The only evidence which appears to have been offered by the plaintiff going behind the clerk's certificate, was that of the notice of the township meeting; and this was admitted under the defendant's objection.    And whether the court, in deciding the case, took this into consideration or excluded it, the record does not show; though the inference from the record is that he treated it as evidence;   since nothing is said of its subsequent rejection.    We have, therefore, given the plaintiff the benefit of this evidence.

The judgment of the court upon the facts stated in the record was entirely correct, unless it can be shown that there was no law under which this amount could have been voted or raised by tax under any course of action which could have been taken.    In such an event the clerk would have had no authority to certify the amount to the supervisor for taxation; and the supervisor would have been bound to take notice of the total absence of such legal authority. But such is not the case here.    The act clearly authorizes the raising of the money by tax for the purpose in question, by a vote of the electors in the mode which it points out. We see no objection to the validity of the act.    And the certificate of the clerk (nothing being shown to invalidate the prior proceedings) was conclusive upon the supervisor and rendered it his duty to assess the tax and to issue his warrant for its collection.    The question, therefore, whether in an action against the supervisor, it would be competent to go behind the clerk's certificate when it is good upon its face, for the purpose of showing any defect in the prior proceedings, does not arise in this case.   Our opinion upon this question will be expressed in the case of *Wall v. Trumbull;* argued at this term and not yet decided.

There being no error in the record the judgment must be affirmed, with costs to defendant in error, of both courts

The other justices concurred.