BOARD OF STATE TAX COMMISSIONERS *v.* CADY.

TAXATION — STATE BOARD — REVIEW OF ASSESSMENTS — LIMIT OF TIME—INCONSISTENT CHARTER PROVISIONS.

Act No. 154, Pub. Acts 1899, amends the general tax law ( Act No. 206, Pub. Acts 1893 ) by creating a board of State tax commissioners, with supervisory authority in the matter of the assessment of property. Section 107 of the general law declares it to be applicable to cities and villages only when not inconsistent with their respective charters. Under the charter of the city of Port Huron, the assessment roll is reviewed by the board of review and confirmed by the common council previous to May 1st. From May 1st to July 15th it is in the hands of the city comptroller, who is required to make a copy of the same, and to spread thereon the city, school, and highway taxes. Such tax roll is then delivered to the city treasurer, who on November 1st returns it to the comptroller, whose duty it is to spread thereon the State and county taxes. *Held*, that after the tax roll has been made up, and placed in the hands of the treasurer, the State board is not entitled to the possession of the assessment roll for the purpose of reviewing assessments, as, in the absence of any authority to change the tax roll, a change in the assessment roll would be an empty ceremony; this case being distinguishable from *Board of State Tax Com'rs* v. *Board of Assessors of Grand Rapids, ante,* 491, in that the charter there under consideration provided for separate tax rolls for local and general taxes.

*Certiorari* to St. Clair; Whipple, J, · Submitted October 2, 1900. Decided October 4, 1900.

*Mandamus* by the board of State tax commissioners to compel Irwin Cady, comptroller of the city of Port Huron, to deliver the assessment roll of said city to relator for review. From an order denying the writ, relator brings *certiorari.* Affirmed.

*Horace M. Oren,* Attorney General, for relator.

*Lincoln Avery,* City Attorney (*Joseph Walsh,* of counsel), for respondent.

MONTGOMERY, C. J.   The relator demanded possession of the assessment roll in the hands of the respondent for the purpose of making changes in the assessments.   This demand was refused, and relator sought to compel the production of the roll by *mandamus.*   The circuit judge denied the application, and the case is brought before us for review.   It appears that, when this application was made, the tax roll, with the city taxes assessed thereon, had been made, and placed in the hands of the city treasurer for collection.   The circuit judge was of the opinion that, after the time when the tax roll is thus made up and placed in the hands of· the city treasurer, there is no authority in the board to increase or reduce assessments.

The act creating the board of tax commissioners (Pub. Acts 1899, Act No. 154) is amendatory of the general tax law (Pub. Acts 1893, Act No. 206), section 107 of which provides that the act shall be applicable to all cities and villages where not inconsistent with their respective charters.   Under the charter of the city of Port Huron, the assessment roll is reviewed by the board of review and confirmed by the common council previous to May 1st. From May 1st to July 15th it is in the hands of the city comptroller.   During this time there is no doubt that the board of commissioners would have authority to review the roll.   *Board of State Tax Com'rs* v. *Board of Assessors of Grand Rapids, ante,* 491 (83 N. W. 209). The charter further provides that the comptroller shall make a copy of the assessment roll, upon which he shall spread the city, school, and highway taxes.   The roll is then, on July 15th, placed in the hands of the city treasurer for collection.   The charter further provides that the city treasurer shall on November 1st return this tax roll to the city comptroller, whose duty it is to spread thereon the State and county taxes.   It will be seen, there-

fore, that but one tax roll is provided for.   There is no authority given to the comptroller to change this roll, or to make any corrections on it which may have been made on the assessment roll.   We think, therefore, that the circuit judge was right in holding that, as to any change in this assessment after the original tax roll was made up, the city charter so far conflicts with the amendments to the tax law as to render such amendments inapplicable.   Manifestly, it would serve no purpose to make a change on the assessment roll if the tax roll was not to be changed. There is no express authority to make any change in the tax roll, and we think it cannot be read into the statute. In the *Grand Rapids Case* no such difficulty was encountered, as the charter provides for two tax rolls.

The order of the circuit court will be affirmed.

The other Justices concurred.