BARNES v. BOARD OF SUPERVISORS OF WAYNE COUNTY.

1. TAXATION—STATE TAX COMMISSIONERS — PETITION — EQUALIZATION OF TAXATION—BOARD OF SUPERVISORS.

The sworn petition of a supervisor to the State tax commissioners for a review of the equalization by the county board of supervisors, of which he was a member, of the valuations of the several assessing districts in said county, under Act No. 201, Pub. Acts 1913, 1 Comp. Laws 1915, § 4028, alleging the interest of the petitioner, that he objected to the equalization made by said board, that his township had been discriminated against and would be compelled to pay an unjust and unlawful proportion of the State and county taxes, that said equalization was based upon the assessed valuations, that he had assessed the real and personal property in said township at approximately cash value "while the real and personal property in the city of Detroit was assessed for much less than cash value, as your petitioner is informed and verily believes" was not objectionable upon the ground that the petition was upon information and belief, but by a fair construction it was only the quoted statement that was upon information and belief.

2. SAME—SUFFICIENCY OF PETITION—EVIDENCE.

Where said petition stated that the property in the township of which petitioner was supervisor was assessed at

cash value, while that in the city of Detroit was assessed at much less than cash value, that both had been equalized as assessed, and thus the township had been discriminated against, ultimate facts sufficient to confer jurisdiction upon the State tax commissioners were stated, and it was not necessary to state the evidence to support such facts.

3. SAME—STATE TAX COMMISSIONERS—JURISDICTION—FRAUD.
   The statute providing for said appeal confers upon the State tax commissioners extended powers of investigation and provides that "the action of the said board of State tax commissioners in the premises shall be final," hence, where said board has obtained jurisdiction, and has acted, it should be *held* that its action is final, in the absence of fraud.

4. SAME—REVIEW—TIME—STATUTES.
   Statutory provisions as to the time assessment rolls should be delivered to the treasurer for collection, *held* to be directory merely, and should not be permitted to so operate as to shut off the remedy from an unjust equalization by appeal to the board of State tax commissioners, where the appeal is seasonably taken.

5. SAME—STATUTES—CONSTRUCTION—INTENT.
   The various provisions of the tax law should be so construed together as to carry out the purpose of the legislature.

6. SAME—STATE TAX COMMISSIONERS—GOOD FAITH—PRESUMPTIONS.
   It must be presumed that the State tax commissioners, acting under the statute, in the exercise of its judgment in reviewing the equalization of the valuations of the assessing districts made by the county board of supervisors, did so in good faith and with a view to carry out the purpose of the law, and the fact that it reached a conclusion different from that of the county board is no evidence of fraud or bad faith.

7. SAME—MANDAMUS—PRESUMPTION—STATUTES.
   In mandamus proceedings to compel a board of supervisors to convene and apportion the State and county taxes in accordance with an order made by plaintiff State board of tax commissioners, it will be presumed that the latter made the proper reduction for the purpose of equalization,

in compliance with the statute, which provides that the aggregate valuation of the county shall not be increased. Act No. 201, Pub. Acts 1913, 1 Comp. Laws 1915, § 4028.

Mandamus by Orlando F. Barnes, George B. Horton and Thomas D. Kearney, Board of State Tax Commissioners, and another, against the Board of Supervisors of Wayne County to compel said respondent to convene and apportion the State and county taxes in accordance with an order of said Board of State Tax Commissioners. Submitted January 30, 1917. (Calendar No. 27,710.) Writ granted February 5, 1917.

*Alex. J. Groesbeck*, Attorney General, and *L. W. Carr*, Assistant Attorney General, for relators.

*Harry J. Dingeman*, for respondent.

STONE, J. This is an application for a writ of mandamus to compel defendant board to convene and apportion the State and county taxes in the several assessing districts of the county of Wayne in accordance with the equalization report and order made by the plaintiff board.

It appears that on October 26, 1916, the defendant board made an examination of assessment rolls of the townships and cities in the county of Wayne for the purposes of equalization and equalized the real estate, and stated the aggregate valuations of the taxable real property therein, the result of which appears in an exhibit attached to the petition in this cause.

An appeal was taken by the plaintiff Bristow, supervisor of Greenfield township, to the board of State tax commissioners, under section 3857, 1 Comp. Laws, as amended by Act No. 201, Pub. Acts 1913 (1 Comp. Laws 1915, § 4028).

On December 11, 1916, a hearing was ordered for December 21st. After the hearing the State board of tax commissioners revised the equalization made by

the defendant board and ordered the latter to appor-
tion the State and county taxes in accordance with the
equalization and apportionment made by the said State
board, which defendant refused to do.

It is pertinent to here set forth the provisions of the
statute as amended.  Section 3857, as it originally
stood, made it the duty of the board of supervisors
of each county, at their session in October in each
year, to examine the assessment rolls of the several
townships, wards, or cities, and ascertain whether the
relative valuation of the real property in the respect-
ive townships, wards, or cities has been equally and
uniformly estimated.  It provides that if on such ex-
amination they shall deem such valuations to be rela-
tively unequal, they shall equalize the same by adding
to, or deducting from, the valuation of the taxable
property in any township, ward, or city, or townships,
wards, or cities, such an amount as in their judgment
will produce relatively an equal and uniform valuation
of the real property in the county, and the amount
added to, or deducted from, the valuation in any town-
ship, ward, or city shall be entered upon the records.
They are required also to cause to be entered upon
their records the aggregate valuation of the taxable
real and personal property of each township, ward, or
city in their county, as determined by them.  The
amendatory provision is as follows:

"Any supervisor of any township or city who con-
siders his township or city aggrieved by the action
of the board of supervisors of which he is a member
in equalizing the valuations of the several townships,
wards or cities of the county, may appeal from such
determination to the board of State tax commissioners
in the manner herein provided.  Whenever any such
supervisor desires to appeal from such determination
by the board of supervisors, he shall within five days
after such determination and within five days after
adjournment of the board of supervisors, file a written

or printed petition which shall set forth in detail his reasons for taking such appeal, with the clerk of the said board of supervisors. The said petition shall be signed and sworn to by the supervisor taking the appeal; shall show that the equalization as made by the said board of supervisors was objected to by certain members thereof; that a certain township, ward or city, as the case may be, has been discriminated against in such equalization, and shall pray that said board of State tax commissioners proceed at its earliest convenience to review the action from which appeal is taken. It shall be the duty of the clerk of the board of supervisors to forthwith serve such petition personally or by registered mail upon the board of State tax commissioners. The said board of State tax commissioners shall upon receipt of such petition, forthwith examine same, and if in its judgment there is a showing to the effect that the equalization complained of is unfair, unjust, inequitable or discriminatory, may proceed at once to investigate and pass upon complaints relative to the assessment and taxation of property, and the action of the said board of supervisors in connection with the equalization and valuation of said county. The said board of State tax commissioners shall have the same authority to consider and pass upon the action and determination of the said board of supervisors in equalizing said valuations as it has to consider complaints relative to the assessment and taxation of property. The said board of State tax commissioners shall have the right to order the said board of supervisors to reconvene and to cause the assessment rolls of said county to be brought before it, and it may summon the several supervisors of said county before it to give evidence in relation to said equalization, and may take such further action and may make such further investigation in the premises as it may deem necessary. If the said board of State tax commissioners shall decide that the determination and equalization made by the board of supervisors is correct, no further action shall be taken. If the said board of State tax commissioners, after due consideration, decides that the valuations of said county have been improperly equalized, it shall proceed to make such deductions from, or additions to the valuations of

the respective townships, wards, or cities as may be deemed proper, and in so doing the said board shall have the same powers as the board of supervisors had in the first instance. It shall be the duty of the said board of State tax commissioners forthwith, after completing its revision of the equalization of the valuation of the several assessment districts, to report its action to the board of supervisors by filing its report with the clerk of the board of supervisors. The action of the said board of State tax commissioners in the premises shall be final and binding upon the said board of supervisors. Upon receipt of such report from the board of State tax commissioners, it shall be the duty of the clerk of the board of supervisors to forthwith call a meeting of the board of supervisors, which shall not be less than three days nor more than five days after the said report of the board of State tax commissioners is filed. Notice of such meeting shall be given to each supervisor by service of a copy of the call either personally or by registered mail as the said clerk shall determine. As soon as the said board of supervisors has reconvened, it shall immediately proceed to apportion the State and county taxes to the several assessing districts in accordance with the equalization so made: *Provided,* that if the board of supervisors is in session at the time the report of the board of State tax commissioners is filed, it shall be the duty of the said clerk to deliver the said report to the said board of supervisors, which shall equalize the county in the manner indicated in said report: *Provided further,* that the said board of State tax commissioners shall not upon petition filed under the provisions of this act increase the aggregate valuation of said county."

An order to show cause having been made, the defendant has answered the petition. There being no plea to any portion of the answer, the case is before us upon petition and answer. In and by its answer the defendant claims:

(1) That the petition on appeal, filed by Supervisor Bristow, is not in compliance with the statute, and

therefore the State board of tax commissioners acquired no jurisdiction.

(2) That the hearing on appeal was delayed beyond the time allowed by law, and the action of the State board is of no effect.

(3) That the action of the State board of tax commissioners in this matter was arbitrary, unlawful, and illegal, and amounted to bad faith.

(4) That errors in addition and cross-addition to the extent of approximately $1,000,000 were made by the State board, and that these errors were carried into the figures used in its order of equalization.

We shall consider these claims in the order in which they are presented.

1. Was the petition of the supervisor sufficient to confer jurisdiction on the board of State tax commissioners, to act in the premises? That petition was as follows:

"Petition for Review of Equalization.
"To the Board of State Tax Commissioners, Lansing,
        "Michigan.
"*Gentlemen:* The undersigned, as supervisor of the township of Greenfield, county of Wayne, hereby protests against the action of the board of supervisors of the county of Wayne in equalizing the valuations of the several assessing districts in said county for the year 1916, and respectfully petitions that the board of State tax commissioners review the action of said board of supervisors at its earliest convenience, as provided in Act No. 201 of the Public Acts of 1913.

"Your petitioner hereby certifies that as a member of the board of supervisors of Wayne county he objected to the equalization from which this appeal is taken, and that he voted against its adoption; and that he considers that the assessing district he represents has been discriminated against in such equalization for the following reasons:

"That the real and personal property in the said township of Greenfield was assessed by your petitioner in 1916 at approximately cash value, while the real and personal property in the city of Detroit was as-

sessed for much less than cash value, as your petitioner is informed and verily believes.

"Your petitioner further represents that the said board of supervisors has equalized the various cities and townships of said county of Wayne as assessed by the supervisors and assessors thereof, and that by reason of said equalization the township of Greenfield has been discriminated against and will be compelled to pay an unjust and unlawful proportion of the State and county taxes to be levied in said county in the year 1916.

"That such result is brought by the fact that the assessment of real and personal property in the said city of Detroit is not at cash value for the year 1916 as the law directs, but is for less than said cash value.

"FRED W. BRISTOW.

"Subscribed and sworn to before me this 27th day of October, A. D. 1916.

"ARTHUR C. WHITCOMB,

"Notary Public, Wayne County, Mich.

"My commission expires Jan. 5, 1919."

It will be observed that the petition alleges the interest of the petitioner; that he objected to the equalization made by the defendant; that he voted against the adoption of such equalization; that he considered that his township had been discriminated against; and he prayed that said board of State tax commissioners review the action of the board of supervisors, at its earliest convenience, as provided by said Act No. 201. The specific facts stated were:

(1) That the township of Greenfield had been assessed by petitioner at cash value.

(2) Property in the city of Detroit had been assessed at much less than cash value.

(3) The board of supervisors had equalized the various cities and townships of the county as assessed by the local officials.

And the petition was sworn to. But it is urged by defendant that the petition was made upon information and belief. Without deciding that this would be a fatal

objection to the petition, it will be well to see whether this objection is well founded. After stating as a fact that the real and personal property in the said township of Greenfield had been assessed by petitioner in 1916 at approximately cash value, he proceeds as follows:  ·

"While the real and personal property in the city of Detroit was assessed for much less than cash value, ' as your petitioner is informed and verily believes."

By any fair construction it is only the last sentence or statement that was upon information and belief. Later in the petition it is stated absolutely as a fact that by reason of such equalization the township of Greenfield had been discriminated against and would be compelled to pay an unjust and unlawful proportion of the State and county taxes to be levied in the year 1916; and that such result was brought about by the fact that the assessment of real and personal property in the said city of Detroit was not at cash value for the year 1916, as the law directs, but was for less than said cash value. We do not think that the objection that the petition was upon information and belief is well taken.

It is further objected that the petition does not set forth in detail the reasons for taking such appeal. It states that property in the township of Greenfield had been assessed at cash value, and that property in the city of Detroit had been assessed at much less than cash value; that both had been equalized as assessed, and thus the township of Greenfield had been discriminated against. The ultimate facts are here stated. It is true that the evidence to prove or support such facts is not stated, but is this necessary? Should we apply a stricter rule to this petition than we would to a declaration? Must the evidence be stated? We think not. As said by Justice COOLEY in *Stockle* v. *Silsbee*, 41 Mich. 615, at page 618 (2 N. W. 900):

"The time has gone by, if it ever was, when the proceedings of taxing officers are to be criticized with microscopic nicety, and the exact time and method of every step examined to detect a departure from the law, however insignificant or unintentional."

The possibility of collecting the State revenue depends upon the observance of this policy. It is true that the petition is brief and the facts might well have been stated with more elaboration, yet we think that it was sufficient to confer jurisdiction upon the board of State tax commissioners to act in the premises.

The said board having obtained jurisdiction, the statute confers upon that body extended powers of investigation. It is to proceed "to investigate and pass upon complaints relative to the assessment and taxation of property, and the action of the said board of supervisors in connection with the equalization and valuation of said county." It has "the same authority to consider and pass upon the action and determination of the said board of supervisors in equalizing said valuations as it has to consider complaints relative to the assessment and taxation of property." It has the right "to order the said board of supervisors to reconvene and to cause the assessment rolls of said county to be brought before it, and it may summon the several supervisors of said county before it to give evidence in relation to said equalization, and may take such further action and may make such further investigation in the premises as it may deem necessary." And finally it is provided that, "the action of the said board of State tax commissioners in the premises shall be final and binding upon the said board of supervisors." Acting within the scope of its power such action may be said to be almost plenary. Whether this statute is wise or not, is matter for legislative, rather than judicial, consideration.

It should be held that the board having obtained

jurisdiction, and having acted, such action should be deemed final, in the absence of fraud.

2. It is further urged that the State board did not seasonably act, and attention is called to Act No. 378, Local Acts 1879, wherein the Detroit board of assessors is required to make a copy of its assessment rolls, after the same have been fully and finally confirmed by the common council, and deliver the same to the county treasurer on or before November 15th.

Such provision is analogous to the corresponding clauses of the general tax law requiring the placing of the tax roll in the hands of township treasurers for collection of taxes. We think that such provisions, as to time, should be held to be directory merely. *Smith* v. *Crittenden,* 16 Mich. 152-156; *Peninsula Iron, etc., Co.* v. *Township of Crystal Falls,* 60 Mich. 510-519. (27 N. W. 666). Such provisions should not be permitted to so operate as to shut off the remedy by appeal, where the appeal was, as here, seasonably taken.

The various provisions of the tax law should be construed together, and so as to carry out the purpose of the legislature. Further, it appears that the review of the city rolls had not been completed on November 15th, and we cannot say that the State board acted improperly in deferring its action until that review was completed, as the statute gives the board the right to use the data there obtained.

3. An examination of this record, including the resolution and the answer of the defendant, contains no charge of fraud on the part of the plaintiff State board. While there is much general criticism and many vague statements that the action of the State board was a "useless formality and farce," yet there is no such charge of fraud as would form the basis of an issue. The following is a fair sample of the allegations on this subject:

"Respondent denies that the said board of State tax commissioners investigated the matter thoroughly and carefully, and while this respondent has not sufficient information to form a belief as to what data relators examined, respondent avers the fact to be that if the order subsequently made by said board of State tax commissioners was based upon such data, that such data were decidedly erroneous and incomplete."

It must be presumed that the State board acting under the statute in the exercise of its judgment did so in good faith, and with a view to carry out the purpose of the law. And the fact that it reached a conclusion which differed from that of the defendant is no evidence of fraud or bad faith, for it must be borne in mind that the statute makes the State board's action final, and binding upon the board of supervisors.

4. Referring to the assessment rolls of the city of Detroit, the defendant states in its answer that the State board, claiming that such assessments were not based upon cash value, in pursuance of section 1924, 1 How. Stat. (2d Ed.) (1 Comp. Laws 1915, § 4151), increased the assessments so made so as to total $1,-065,241,280, which was distributed among the various wards of the city; that said State board caused its assessment aforesaid to be placed upon the rolls of said city as required by law, and that the valuation and assessments so made by said board thereupon became final, and such property could not be assessed or valued at a lower figure within three years, where the property remained substantially the same, without the written consent of said board; that said State board in placing said valuation upon said assessment rolls made errors in addition and cross-addition in nearly every ward in said city (a table of which is given), aggregating approximately $1,000,000, but that the net total result of the same is $503,580; and that said State board in arriving at its basis for equalization, and in computing its totals for the various wards in

the city of Detroit made no allowance, and took no consideration of the errors aforesaid, and that in the figures now submitted by said board for equalization purposes, the same are erroneous to the extent aforesaid, less the reduction made by said board for the purposes of equalization. It should be borne in mind that the State board was here dealing with the equalization of the real property in Wayne county to fix a basis for the apportionment of the State and county taxes. Neither the State board nor this court is here concerned about individual assessments in the city of Detroit.

For aught that appears in the foregoing statement of the answer every one of the errors claimed may have occurred in valuations of personal property, which would not affect this equalization, where the valuation of personal property, as assessed by the defendants, is retained for purposes of equalization. It is conceded that "reduction was made by said board for the purpose of equalization." The claim therefore is wholly immaterial to the question we are dealing with. That the State board made the proper reduction for the purpose of equalization in compliance with the statute will be presumed, in the absence of any claim to the contrary. The statute provides that the State board shall not increase the aggregate valuation of the county. In conclusion, we are of the opinion that this case is ruled by the case of *Attorney General* v. *Midland County Supervisors*, 178 Mich. 513 (144 N. W. 883).

Counsel for defendant refers to *Newport Mining Co.* v. *City of Ironwood*, 185 Mich. 668 (152 S. W. 1088), as authority that the action of the State board is not final. That was an action for the recovery of back taxes paid under protest. The proceedings of the State board in that case were under section 1924, *supra,* and had nothing to do with the subject of equalization.

We find no evidence of fraud or bad faith on the part of the State board.

The writ of mandamus will issue as prayed for in plaintiff's petition, with costs against the defendant.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. FELLOWS, J., did not sit.