HUDSON MOTOR CAR CO. *v.* CITY OF DETROIT.

1. TAXATION — VOLUNTARY PAYMENT UNDER PROTEST — RECOVERY LIMITED TO SPECIFIC GROUND OF ILLEGALITY.

    Taxpayer who pays property taxes voluntarily but under protest is limited to grounds of invalidity set forth in the protest and *may recover only if the tax is shown to be illegal for reason shown in such protest.*

2. SAME—INVOLUNTARY PAYMENT UNDER PROTEST—CONSIDERATION— DURESS.

    Taxpayer who pays property taxes involuntarily and under protest is not limited to the specific grounds of illegality mentioned and set forth in the protest accompanying the payment as no specific protest is required; recovery by taxpayer suing in such case being upon theory that money was paid without consideration and under legal pressure.

3. SAME—PROPERTY TAXES—VOLUNTARY PAYMENT—RECOVERY.

    Property taxes which are paid voluntarily may not be recovered back without statutory permission.

4. SAME—PERSONAL PROPERTY TAXES—PAYMENT UNDER PROTEST.

    Personal property taxes paid under protest, after demand made by collecting officer armed with a warrant authorizing him to levy and collect the taxes, *held,* involuntary exactions.

5. SAME—UNIFORM RULE—ASSESSMENT AT CASH VALUE.

    Except on property paying specific taxes, the legislature is required to provide a uniform rule of taxation and all assessments on property must be at its true cash value (Const. 1908, art. 10, §§ 3, 7).

6. SAME—ASSESSMENT AT TRUE CASH VALUE—EVALUATION.

    The constitutional requirement that assessments on property be made at the true cash value necessitates provision for some means to protect taxpayers from overvaluation as well as undervaluation (Const. 1908, art. 10, § 7).

7. MUNICIPAL CORPORATIONS—LOCAL GOVERNMENT.

Home rule cities are municipal corporations, deriving their powers from the State, that is, State agencies for carrying on local municipal government within the range of the Constitution and general home rule act (1 Comp. Laws 1929, §§ 2228–2274).

8. SAME—POWERS OF ELECTORS IN HOME RULE CITIES.

Electors in home rule cities may make, alter, amend, revise or repeal their city charter subject to the Constitution and general laws of the State.

9. SAME—CHARTERS AS ORGANIC ACTS.

A home rule city charter is the organic law of the city and is to be considered the same as other organic acts.

10. CONSTITUTIONAL LAW—LEGISLATURE—MUNICIPAL CORPORATIONS— LIMITATION OF RATE OF TAXATION.

The Constitution requires the legislature to provide by general law for the incorporation of cities and therein limit the rate of taxation for municipal purposes (Const. 1908, art. 8, § 20).

11. SAME—TAXATION—LEGISLATURE.

Subject to limitations of the Constitutions of the United States and of this State the power to raise revenue for the support of government is vested exclusively in the legislature and may not be exercised except in pursuance of its authority.

12. SAME—LEGISLATIVE POWER LIMITED ONLY BY STATE AND FEDERAL CONSTITUTIONS.

The power of the legislature of this State is as omnipotent as that of the parliament of England, save only as it is restrained by the State and Federal Constitutions.

13. TAXATION—BOARD OF SUPERVISORS—STATE TAX COMMISSION— CORRECTION OF IRREGULARITIES.

The board of supervisors of a county equalizes the valuation of the several taxing districts therein and the State tax commission has power and authority to consider and correct irregularities in valuation between municipalities or local taxing units as well as between individual taxpayers.

14. SAME—VALUATION—SWORN STATEMENT—LOCAL ASSESSING OFFICERS AND BOARDS OF REVIEW—STATE TAX COMMISSION.

Sworn statements as to taxable property required to be made to assessing officers are not controlling in the fixing of the valuation of the taxpayer's property, nor is the action of the local assessing officer, or local board of review, controlling where

the jurisdiction of the State tax commission is invoked and it has acted in the premises, as the commission has general supervision of the administration of the tax laws and large powers of review (1 Comp. Laws 1929, §§ 3406, 3422, 3543–3547, 3713).

15. SAME—STATE TAX COMMISSION—POWERS—EQUALIZATION.

The State tax commission may approve an equalization as made or, when shown an equalization is unfair, unjust, inequitable or discriminatory, it may order supervisors to reconvene or it may make such deductions from or additions to, or include omissions from, the valuations of the respective townships, wards or cities as it may deem proper (1 Comp. Laws 1929, § 3422).

16. SAME—STATE TAX COMMISSION—REVIEW OF TAX ROLLS.

After tax rolls have been passed upon by local boards of review and are properly certified by them no change may be made therein by the local board of review or by any local assessing officer but the State tax commission has a right to review the tax rolls after final review by the local board and such review by the commission may be either special or general.

17. SAME—HOME RULE CITIES—CHANGE OF ASSESSMENT BY STATE TAX COMMISSION.

The State tax commission may change individual assessments in cities even though they may be under home rule charters, notwithstanding any provisions contained in the charter.

18. SAME—STATE TAX COMMISSION AS FINAL ARBITER.

The final arbiter of the value of property for taxing purposes which, when it has jurisdiction, determines the same finally and conclusively is the State tax commission.

19. SAME—VALUATION SAME FOR STATE, COUNTY AND LOCAL TAXES.

Since there cannot be two values of the same property fixed by the same body, for the same purpose at the same time, the valuation as fixed by the State tax commission is final, conclusive and binding upon a city, not only for the purpose of levying and assessing State and county taxes but for all other purposes of local or general taxation.

20. SAME—STATE TAX COMMISSION MUST FIX VALUATION THE SAME FOR STATE, COUNTY AND LOCAL TAXES.

The State tax commission has no power or authority, under the Constitution and laws of this State to fix value of property for

assessing and levying State and county taxes at one valuation and to fix the valuation of the same property at the same time at another valuation for assessing and levying local municipal taxes.

21. Officers—Authority.

The action of legal officers is binding only when they act within the scope of their authority.

22. Taxation—Authentication of State Tax Commission's Official Acts.

Official action of the State tax commission may not be authenticated in violation of statutory provisions therefor, or nullified by action of its employees, hence, notation on tax roll made by an employee and letter from commission's secretary do not change its action (1 Comp. Laws 1929, §§ 3547, 3714).

23. Same—Home Rule Cities—State Tax Commission—Time—Directory Statutes.

Action of State tax commission in fixing valuation of home rule city taxpayer's personal property after tax rolls had been delivered to city treasurer, although taxpayer petitioned State tax commission to review its assessment before that time *held*, not too late under circumstances, time not being made mandatory, but directory, in proceedings by State tax commission relating to fixing valuation (1 Comp. Laws 1929, §§ 3543–3547).

24. Same—Home Rule Cities—Common Council—State Tax Commission—Invalid Taxes on Personal Property.

Home rule city taxpayer which paid taxes, under protest, on personal property after demand made by collecting officer with warrant authorizing him to levy and collect the taxes on valuation as fixed by common council *held*, entitled to recover invalid increase of taxes represented by difference between taxes on valuation so fixed and those upon valuation as fixed by State tax commission where taxpayer had sought relief from commission prior to time when tax roll was delivered to city treasurer and later unsuccessfully sought adjustment by common council to conform to commission's valuation (1 Comp. Laws 1929, §§ 2228–2274, 3406, 3422, 3543–3547, 3713, 3714).

Appeal from Wayne; Neal (Max E.), J., presiding. Submitted October 7, 1937. (Docket No. 69, Calendar No. 39,697.) Decided November 10, 1937.

Assumpsit by Hudson Motor Car Company, a Michigan corporation, against City of Detroit, a municipal corporation, and its treasurer for recovery of taxes on personal property paid under protest and alleged to have been invalid. Verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Beaumont, Smith & Harris* (*Frank E. Cooper,* of counsel), for plaintiff.

*Walter Barlow,* Chief Assistant Corporation Counsel (*Raymond J. Kelly,* Corporation Counsel, of counsel), for defendants.

Potter, J.   Plaintiff sued defendants, the city of Detroit, a municipal corporation of the State of Michigan, and the city treasurer of the city of Detroit, to recover taxes claimed to have been arbitrarily, unjustly and fraudulently assessed against it. It claims such taxes were involuntarily paid by it to prevent a levy upon and sale of its property to satisfy the tax warrant in the hands of the collecting officer and specifically charges the assessment of its property was intentionally discriminatory; the board of assessors failed to exercise its fair and impartial judgment in making the assessment; the assessment was not fixed at the cash value of the property assessed, but in wilful disregard thereof; and the assessment of plaintiff's property, as it was assessed, denied to plaintiff the equal protection of the laws, and resulted in a violation of the constitutional mandate requiring uniformity of taxation. April 14, 1934, the board of assessors of the city of Detroit demanded plaintiff file a statement of its taxable property with it. April 24, 1934, plaintiff

filed with the board of assessors of the city of Detroit a statement of its taxable property. May 2 or 3, 1934, it filed a statement of the so-called book value of its property; and May 11, 1934, the board of assessors of the city of Detroit fixed the taxable value of plaintiff's personal property at $12,140,180. The board of assessors did not fix the value of plaintiff's property in time so it could ask for review of the valuation by the common council of the city of Detroit. May 23, 1934, plaintiff requested the State tax commission to order the board of assessors of the city of Detroit to produce before it its assessment rolls, and to review the assessment of plaintiff's property. The State tax commission did this, but it did not act until after the assessment rolls had been delivered to the city treasurer. July 15, 1934, the city treasurer demanded of plaintiff the payment of the taxes levied and assessed against its property then due; and July 31, 1934, plaintiff paid one-half the taxes levied and assessed against its property, in the amount of $248,387.09. Such payment was made under protest against the assessments of plaintiff's property, both real and personal, in respect to which appeals were then pending before the State tax commission. August 20, 1934, plaintiff petitioned the common council of the city of Detroit to cancel the assessment made against its property and adjust the same in accordance with the findings of the State tax commission. December 11, 1934, the council denied plaintiff's petition. December 15, 1934, defendants again demanded payment of the other half of the taxes levied and assessed against plaintiff's property, based upon the assessment made by the board of assessors of the city of Detroit; and December 31, 1934, plaintiff paid taxes in the sum of $248,387.13, the total amount of taxes levied and assessed against the plaintiff's property

and collected by defendants under and by virtue of such assessment being $496,774.22. This half of the tax was likewise paid under protest. The basis and ground of the alleged illegality of the tax mentioned in this protest was that the city board of assessors fixed the valuation of plaintiff's personal property at $12,140,180, and levied, assessed and collected the tax thereon from plaintiff based upon such valuation, whereas, the valuation of the personal property of plaintiff as fixed by the State tax commission was $11,000,000; and there had been levied and assessed against the personal property of plaintiff taxes in the sum of $299,340.42, whereas, had the tax been levied and assessed in accordance with the valuation fixed by the State tax commission, the tax levied and assessed against its personal property would have amounted to but $271,227. And it is to recover the difference between the tax levied and assessed upon the personal property of plaintiff upon the valuation fixed by the board of assessors of the city of Detroit and what would have been due had such tax been levied and assessed upon the valuation as fixed by the State tax commission, alleged to be in the sum of $28,113.42, that this suit is brought.

Section 3444, 1 Comp. Laws 1929, as amended by Act No. 31, Pub. Acts 1931, provides that any person "may pay any tax, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within thirty days and not afterwards, sue the township for the amount paid, and recover, if the tax is shown to be illegal for the reason shown in such protest."

There is a broad distinction between the rule applicable where payment is voluntarily made under the provisions of this statute and where the payment is involuntarily made by the taxpayer to prevent a levy upon and sale of property to pay the tax. In the one case, the party suing to recover the tax paid on account of its invalidity is limited to the grounds of invalidity set forth in the protest, and may recover only "if the tax is shown to be illegal for the reason shown in such protest." *Peninsula Iron Co.* v. *Township of Crystal Falls,* 60 Mich. 79; *Cox* v. *Welcher,* 68 Mich. 263 (13 Am. St. Rep. 339); *Mills* v. *Township of Richland,* 72 Mich. 100; *Hinds* v. *Township of Belvidere,* 107 Mich. 664; *Lingle* v. *Township of Elmwood,* 142 Mich. 194. But there never has been any rule requiring a specific protest when taxes are paid involuntarily. In such cases, the party suing to recover back the taxes is not limited to the specific grounds of illegality mentioned and set forth in the protest accompanying the payment. The party suing in such case seeks to recover money paid without consideration under legal pressure and recovers, if at all, upon that theory. *First National Bank of Sturgis* v. *Watkins,* 21 Mich. 483; *Atwell* v. *Zeluff,* 26 Mich. 118; *Louden* v. *East Saginaw,* 41 Mich. 18; *Lyon* v. *Guthard, Receiver of Taxes,* 52 Mich. 271; *Woodmere Cemetery Ass'n* v. *Township of Springwells,* 130 Mich. 466; *Newberry* v. *City of Detroit,* 184 Mich. 188.

"Our statutes provide that in some cases a person may pay taxes in advance of the time they can be enforced, and do so under protest. This protest, which is made under an exceptional statute, is required to be specific. But such a payment under no stress of process is a voluntary payment, and could not be recovered back without statutory permission. Where payments are involuntary, and made under

legal duress, there has never been any rule requiring a specific protest. The attempt to compel payment where there is no legal burden is regarded as a legal injury, and payments made to avoid the seizure and sale of property to pay the wrongful claim can be recovered back as an extorted sum for which there was no consideration. The principle is so familiar, under our own decisions, as to need no citation of cases." *Cox* v. *Welcher, supra.*

The taxes paid by plaintiff were paid after demand made by the collecting officer armed with a warrant authorizing him to levy and collect the taxes, and were not voluntarily paid but were involuntary exactions.

The legislature shall provide a uniform rule of taxation, except on property paying specific taxes, etc. Const. 1908, art. 10, § 3.

"All assessments hereafter authorized shall be on property at its cash value." Const. 1908, art. 10, § 7.

"'The Constitution requires assessments to be made on property at its cash value. This means not only what may be put to valuable uses, but what has a recognizable pecuniary value inherent in itself, and not enhanced or diminished according to the person who owns or uses it." *Perry* v. *City of Big Rapids,* 67 Mich. 146 (11 Am. St. Rep. 570).

"By constitutional enactment all tax assessments must be made on property at the true cash value." *Hayes* v. *City of Jackson,* 267 Mich. 523, 531.

"The Constitution requiring assessments to be at the true cash value, it became necessary, in order to protect taxpayers, to have some means provided whereby in case of an overvaluation they might have it corrected. The constitutional provision is as much designed for securing against overvaluation as undervaluation." *Avery* v. *City of East Saginaw,* 44 Mich. 587.

Cities are municipal corporations, deriving their powers from the State—State agencies for carrying on local municipal government, but within the range of the Constitution and the general home rule act for cities. The electors thereof may make, alter, amend, revise or repeal the charter of the city, which is the organic law of the city, and to be considered as other organic acts are considered. *Streat* v. *Vermilya,* 268 Mich. 1.

The legislature shall provide by general law for the incorporation of cities, and such general law shall limit their rate of taxation for municipal purposes. Const. 1908, art. 8, § 20.

"Under such general laws, the electors of each city and village shall have power and authority to frame, adopt and amend its charter and to amend an existing charter of the city or village heretofore granted or passed by the legislature for the government of the city or village and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, *subject to the Constitution and general laws of this State.*" Const. 1908, art. 8, § 21.

All by-laws and ordinances of any home rule city relating to its municipal concerns must be subject to the Constitution and general laws of the State.

"Political experiment has not yet produced, in this State, the autonomous city,—a little State within the State. We have a system of State government and the right of local self-government is, and always has been, a part of the system. We have, as we have always had, a State Constitution, the fundamental law. By it, now, as formerly, the legislative power of the State, and all of it, is reposed for exercise in a legislature; save only as reserved by referendum and initiative proceedings." *City of Kalamazoo* v. *Titus,* 208 Mich. 252, 261.

By the mandate of the Constitution as above quoted, it is made the duty of the legislature to provide a uniform rule of taxation, and an essential element of that uniform rule is, that all assessments of property shall be at its cash value. The power to impose taxes is vested exclusively in the legislative department of government and cannot be exercised except in pursuance of its authority. 37 Cyc. p. 724; *Thompson* v. *Auditor General,* 261 Mich. 624. The legislative department has, subject to the limitations of the Constitution, a broad and uncontrollable discretion over the general subject of taxation,— the raising of revenue for the support of the government. *People, ex rel. Detroit & H. R. Co.,* v. *Township Board of Salem,* 20 Mich. 452 (4 Am. Rep. 400); *Thompson* v. *Auditor General, supra.* The power of the legislature of this State is as omnipotent as that of the parliament of England, save only as it is restrained by the Constitution of the United States and the Constitution of this State. *Sears* v. *Cottrell,* 5 Mich. 251; 1 Cooley, Constitutional Limitations (8th Ed.), p. 354; *Harsha* v. *City of Detroit,* 261 Mich. 586 (90 A. L. R. 853); *Thompson* v. *Auditor General, supra.* Within constitutional limits, the legislature has full control over the subject of taxation. *Attorney General* v. *Sanilac County Supervisors,* 71 Mich. 16.

How is the true cash value of property for the purpose of taxation determined? Ordinarily, such property is assessed by the supervisor of the township or by the assessing officer of the city. The individual assessments made by the supervisor, or other assessing officer or officers, are subject to review by the board of review in townships and, generally, by some reviewing officer, board or council in cities. The board of supervisors of the county equalizes the valuation of the several taxing districts therein; and

the State tax commission has power and authority, under the laws of this State, to consider and correct irregularities in valuation between municipalities or local taxing units, as well as between individual taxpayers. The statutes (1 Comp. Laws 1929, § 3406) require every property owner to make a statement to the assessing officers. But such statements are not controlling in the fixing of the valuation of the taxpayer's property. *United States Radiator Corp.* v. *Wayne County,* 192 Mich. 449. Nor is the action of the local assessing officer, or of the local board of review, controlling where the jurisdiction of the State tax commission is invoked and it has acted in the premises. 1 Comp. Laws 1929, §§ 3543–3547.

"The State tax commission shall have general supervision of the administration of the tax laws of the State." 1 Comp. Laws 1929, § 3713.

"It was intended to give large powers of review to the State board." *Board of State Tax Com'rs* v. *Kohler,* 193 Mich. 420, 429.

Where the jurisdiction of the State tax commission is invoked, its action shall be final. 1 Comp. Laws 1929, § 3422.

The State tax commission is authorized to act whenever there is a showing that the equalization complained of is unfair, unjust, inequitable or discriminatory. It may order the supervisors to reconvene; it may approve the determination and equalization made by the board of supervisors; if it decides the valuations have been improperly equalized, it may proceed to make such deductions from or additions to the valuations of the respective townships, wards or cities as it may deem proper. 1 Comp. Laws 1929, § 3422. It has power to add to the rolls and to provide for the assessment and taxation of property omitted from the assessment rolls. *Board of State Tax Com'rs* v. *Board of Assessors of*

*Grand Rapids,* 124 Mich. 491.   See, also, *Board of State Tax Com'rs* v. *Quinn,* 125 Mich. 128.

Under the statutes, the State tax commission has the power to make a general or special review of the tax rolls.   After the tax rolls have been passed upon by local boards of review and are properly certified by them, no change may be made therein by the local board of review or by any local assessing officer. *Bialy* v. *Bay City,* 139 Mich. 495.   The State tax commission has a right to review and examine the rolls after the final review of the local board and such review by the State tax commission may be either special or general.   In a case like that under consideration, it has a right to increase or decrease the assessment of the property of any person assessed thereon.   *Bialy* v. *Bay City, supra.*   It may change individual assessments in cities, even though they may be under home rule charters, notwithstanding any provisions contained in the charter thereof. *Bialy* v. *Bay City, supra.*   Review of assessments by local assessing officers and of the action of local boards of review by the State tax commission would serve no useful purpose if no change in the assessment roll could be made; and no change in the assessment roll made by the State tax commission would be of any importance if the tax levied and assessed upon such valuation was not to be changed.   *Board of State Tax Com'rs* v. *Cady,* 124 Mich. 683.

Under the Constitution and laws of this State, the final arbiter of value for taxing purposes which, when it has jurisdiction, determines the same finally and conclusively, is the State tax commission.   That value is fixed for the purposes of taxation.   It is the basis of the levy and assessment of taxes.   There cannot be two values of the same property fixed by the same body, for the same purpose, at the same time.   The valuation as fixed by the State tax com-

mission is final, conclusive and binding upon the city, not only for the purpose of levying and assessing State and county taxes, but for all other purposes of local or general taxation. This is the practice which has always prevailed in this State "both at the time of the adoption of the Constitution and at the present, the taxes levied for State purposes are based on the same assessment as are those collected for local use." *Board of State Tax Com'rs* v. *Board of Assessors of Grand Rapids, supra.* See, also, *Attorney General, ex rel. Barnes,* v. *Midland County Supervisors,* 178 Mich. 513. The State tax commission has no power or authority, under the Constitution and laws of this State, to fix the value of property for the purpose of assessing and levying State and county taxes at one valuation, and to fix the valuation of the same property at the same time for the purpose of assessing and levying local municipal taxes at another valuation.

It is claimed the notation on the tax roll, made by one Harris, and a letter from the secretary of the State tax commission, govern the action of the State tax commission.

The action of legal officers is binding only when they act within the scope of their authority. *Bennett* v. *Kalamazoo Circuit Judge,* 183 Mich. 200 (Ann. Cas. 1916 E, 223).

The State tax commission, on a review of an assessment roll, "shall, in a column provided for that purpose, place opposite said property the true and lawful assessment of the same." 1 Comp. Laws 1929, § 3547. At the conclusion of its action, the members of the State tax commission "shall also spread upon said roll a certificate, signed by each member officiating at the review proceedings, showing the day and date on which said assessment roll was reviewed." 1 Comp. Laws 1929, § 3547.

"All orders, certificates and subpœnas made or issued by the State tax commission shall be signed by the chairman, and the seal of the commission shall be affixed thereto." 1 Comp. Laws 1929, § 3714.

The statutes provide how the official action of the State tax commission shall be authenticated, and it may not be authenticated in violation of the statute. Neither the notation made by Harris, nor the letter of the secretary of the State tax commission, may change its action. Official action taken by the State tax commission may not be nullified by the commission's employees.

It is claimed the determination of the State tax commission fixing the valuation of the property involved came too late. The rule is that time is made not mandatory, but directory, in proceedings of this character. *Smith* v. *Crittenden,* 16 Mich. 152; *Peninsula Iron Co.* v. *Township of Crystal Falls, supra; Barnes* v. *Wayne County Supervisors,* 194 Mich. 540.

The taxes levied and assessed against plaintiff's personal property were not entirely invalid. They were invalid only insofar as they were levied and assessed against a valuation in excess of that fixed by the State tax commission as final and conclusive. To the extent plaintiff's taxes on personal property were increased by having been levied and assessed against personal property of the value of $12,140,180, instead of $11,000,000, plaintiff is entitled to recover, with costs. There is no dispute but that this amount is $28,113.42.

Judgment of the trial court is reversed and the case remanded for the entry of judgment in favor of plaintiff and against defendants for $28,113.42, together with interest and costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.