## William H. Robinson v. The Grand Trunk Railway Company of Canada.

*Railroads: Fencing: Statute construed: Injury to animals: Negligence* A railroad company which has constructed proper side fences along its line,

ROBINSON *v.* GRAND TRUNK RAILWAY COMPANY.

as required by the statute (*Laws of 1873, p. 538, § 15*), is not liable for damages for the destruction by a passing train, without any neglect or willfulness of the agents or servants of the company, of horses that es caped from an adjoining lot and got upon the track through a breach in the fence recently caused by a heavy wind in the night time, in the absence of any showing that the company had been negligent in regard either to the strength of the fence or to the length of time taken to restore it.

*Submitted on briefs June 16. Decided October 5.*

Error to Macomb Circuit.

*Hubbard & Crocker*, for plaintiff in error.

*E. W. Meddaugh*, for defendant in error.

GRAVES, CH. J:

This was a suit brought by the plaintiff in error and tried by the court, and on special findings determined in favor of defendant.

The only question made by the case and insisted on in the plaintiff's brief is, whether, when a railroad company has once constructed proper side fences through a farm and proceeded to keep them up, and a short piece is suddenly blown down by a heavy wind during the night, and the company is not found to have been guilty of any fault in regard to the strength of the fence, or in regard to the length of time taken to restore it, the owner of the farm, whose horses escape through the breach and get upon the railroad track and are there killed by a passing train without neglect or willfulness by the agents or servants of the company, is entitled to recover of the company his damages caused by the destruction of the horses.

The plaintiff claims that the statute (*Laws of 1873, p. 538, § 15*) imposes on the company an imperative obligation to keep up every foot of the fence at all times, and that if any portion of it is thrown down or carried away by sudden tempests, and any injury happens, like that in question, the company, though innocent of all actual fault, is yet liable.

The court think otherwise. It cannot be supposed the legislature were ignorant that no precautions, no degree of vigilance,. could prevent the occurrence of temporary breaches by fires and storms, or that they imagined that every breach so caused could be properly repaired without any appreciable delay; and we cannot think it was designed to impose a duty which all must have known to be physically impossible. By its terms the statute requires companies to make proper fences, and thereafter to "maintain" them, and in requiring them to be "maintained," when once built, the idea is not that the companies at all hazards must keep the fences intact in every foot of their extent and without any interruption from whatever cause; but it is that there must be no interruption caused by the neglect or fault of companies, or, in case of a breach by causes beyond their control, no interruption for a longer period than is reasonable in view of the circumstances. To ascribe to the word "*maintain,*" in the connection in which it is used in this statute, the extreme sense claimed for it, would invest it with a forced and inappropriate meaning, and would result in imputing a legislative purpose to subject railroad companies to extraordinary liabilities for omitting to perform something known to be impossible. The law did not design any thing so unreasonable.

The judgment should be affirmed, with costs.

The other Justices concurred.