GRAND RAPIDS & INDIANA RAILROAD COMPANY v. DAVID MONROE.

*Fencing railway track—Reversal for conflicting charges.*

A railroad company in maintaining fences along the track is only bound to reasonable diligence, and is not liable for injuries occurring to cattle which come upon the track through defects in fences not traceable to want of care.

When conflicting charges are given, one of which is erroneous, it is to be presumed that the jury may have followed that which was erroneous; and the judgment will be reversed.

Error to Kent.   Submitted Oct. 13.   Decided Oct. 26.

CASE.   Defendant brings error.   Reversed.

*D. D. Hughes, Jr.*, for plaintiff in error.   Where an action is brought for injuries to cattle arising from neglect of a railway to maintain the side fencing, the condition of the fences at some other point than that at which the cattle got upon the track is irrelevant: *Chic. &c. R. R. v. Farrelly* 3 Ill. Ct. of App. 60; *Brooks v. R. R.* 13 Barb. 594; if the fence is inspected daily and found safe, the company is not negligent: *Ill. Cent. R. R. v. Swearingen* 47 Ill. 210; nor is it if the fence was taken down by some third party; *Tol. &c. R. R. v. Fowler* 22 Ind. 319; *Chic. & Alt. R. R. v. Saunders* 85 Ill. 288; *Aylesworth v. Railroad Company* 30 Ia. 461; *Ind. &c. R. R. v. Hall* 88 Ill. 368.

*R. W. Butterfield* for defendant in error.   It is negligence in a railroad company if any of its servants allow cattle to remain on the track, no matter how they came thereon.   Thompson on Negligence 495.

COOLEY, J.   Monroe sued the railroad company for the value of a cow, which was killed on its track by a passing train.   The cow had been suffered to run at large on lands adjoining the railroad not owned or occupied by Monroe, and had gone upon the track in the evening through a pair of bars which were found afterwards to be partly down. No proof was given to show how the bars came to be down, and there was evidence that one of the witnesses passed through them that evening and put them up.   It was testified, however, that one of the bars was considerably shorter than the others, and only extended into the post from four to eight inches; and it seems to have been agreed that the use of this bar was some evidence of negligence in the railroad company.   Aside from this fact the record is bare of any evidence of negligence on the part of the railroad company in connection with the bars being down.

The circuit judge instructed the jury that "the defendant

is under the statute bound to take notice if any part of its fence gets out of repair, or if any bars or gates at farm crossings are defective, and is liable for all accidents to stock arising through such defects, whether it had actual notice or not.  It is the duty of the company to keep such bars at all times in such a state of repair as to answer the purposes of a fence."  This instruction makes the railroad company liable for such injuries irrespective of fault or negligence; and is erroneous.  *Robinson v. Grand Trunk R. Co.* 32 Mich. 322; *Toledo etc. R. R. Co. v. Eder* 45 Mich. 329.

There were other instructions in the case which were inconsistent with this; but they could not correct the error, for the jury were left to follow the one or the other at their option.  Apparently they must have followed this.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.