In re FOERSTER'S ESTATE.

GUMTOW v. JANKE.

1. WILLS—UNDUE INFLUENCE—INSTRUCTIONS TO JURY.

Where the court in a will contest charged the jury that if decedent did not voluntarily destroy the instrument, or if they were not satisfied he actually destroyed it, or if he did it upon a surrender of his own judgment and an abdication of his judgment to the people with whom he boarded, the instrument should be sustained, and on an examination of the evidence upon error the court found that there was no competent proof of the contention that contestant had unduly influenced him, *held*, that the instruction was erroneous, and the error was not cured by the subsequent instruction that there was no evidence of undue influence, which was clearly in conflict with the preceding instruction, and it would be assumed that if conflicting instructions were given the jury they might have followed the improper one.

2. SAME—REVOCATION—EVIDENCE.

*Held*, that in a previous opinion the legal phases of the case were fully considered by the Supreme Court and the law determined which should control the case, and the question of revocation was a question of fact, that the verdict was against the great weight of the evidence and a similar conclusion should be reached on the subsequent appeal. *In re Foerster's Estate*, 177 Mich. 574 (143 N. W. 616).

Error to Wayne; Hally, J. Submitted January 19, 1916. (Docket No. 30.) Decided December 21, 1916.

Emil Gumtow and others presented for probate the last will of August Foerster, deceased. Anna Janke and others contested the allowance of such instrument. From an order denying the petition, proponents appealed to the circuit court. Judgment for proponents. Contestant Janke brings error. Reversed.

*Covert & Campbell,* for appellant.

*James H. Pound,* for appellee.

BIRD, J. In this proceeding an attempt is made to probate an alleged lost or destroyed will of August Foerster, who was for many years a resident of Detroit. It is claimed that the will in question was made by him while he was in St. Mary's Hospital in August, 1910. Anna Janke, a sister of the deceased, and the other contestants, appear not to dispute the execution of this will, but resist the probating thereof on the ground that it was subsequently revoked by him by tearing and afterwards by burning.

The will was established in the trial court, and contestants have appealed. On a former trial the will was established, and upon an appeal to this court it was reversed on two grounds; namely, for failure of the trial court to instruct the jury that there was no evidence of undue influence upon the part of Anna Janke, and because the verdict of the jury was against the weight of the evidence upon the question whether testator had revoked the will in his lifetime. 177 Mich. 574 (143 N. W. 616). Upon a retrial the court was again requested to instruct the jury that there was no evidence in the case from which they could find that Anna Janke exercised any undue influence over her brother after he returned from the hospital. The court upon his own initiative charged the jury that:

"If you believe that August Foerster freely and voluntarily made the will offered in evidence, and you find from the evidence or its own construction that it bears evidence of being a fair will executed by a competent man, a man who understood what he was about, and who dictated this will, and if you find that he did not voluntarily destroy it, or if you are satisfied that he did actually destroy the said paper, or if you are not satisfied that he did actually destroy the said

paper, or if he did, he did it upon a surrender of his own judgment and an abdication to the people with whom he boarded, the contestants in this case, then you should sustain the will."

1. That part of the foregoing instruction which advised the jury they could sustain the will if the testator actually destroyed it "if he did it upon a surrender of his own judgment and an abdication to the people with whom he boarded" is complained of as error, as it left it open to the jury to find that Anna Janke, the contestant, had unduly influenced him with reference to its destruction. We have examined the testimony relied upon to show undue influence upon the part of Anna Janke, and we are unable to find that there is any evidence in the record to support the contention. The record bearing on this question is substantially the same as it was upon the former hearing in this court.

But it is suggested that by the following instruction the jury were informed that there was no evidence of undue influence by Anna Janke over her brother:

"I charge you that there is no evidence of undue influence, exercised upon the decedent by Anna Janke, his sister, after his return to her home from St. Mary's Hospital."

This instruction was clearly in conflict with the foregoing instruction, and the situation is thereby brought within the rule that where conflicting instructions are given, one proper, and the other erroneous, it will be presumed by the court that the jury may have followed the erroneous instruction. *Grand Rapids, etc., R. Co.* v. *Monroe,* 47 Mich. 152 (10 N. W. 179) ; *Madill* v. *Currie,* 168 Mich. 546 (134 N. W. 1004) ; *Lamb* v. *Township of Clam Lake,* 175 Mich. 77 (140 N. W. 1009) ; *Silverstone* v. *Assurance Corp.,* 176 Mich. 525 (142 N. W. 776).

2. Contestant contends that the trial court was in

error in refusing to direct a verdict on her claim that testator revoked the will in question. In the former opinion of this court the legal phases involved in that question were fully considered, and the law determined which should control the case. Applying its legal conclusions there reached, it was held that the evidence on the question of revocation presented a question of fact for the jury. But it was further held on a review of the testimony that the verdict was against the weight of the evidence. We are of the opinion that the same conclusions must be again reached on these questions, as a study of the present record does not reveal any material variation from the former one.

The judgment is reversed, and a new trial granted.

STONE, C. J., and KUHN, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred. OSTRANDER, J., did not sit.