## MARTZ v. CONSUMERS POWER CO.

### Civ. A. No. 9741.

United States District Court
E. D. Michigan, S. D.

Dec. 14, 1951.

854

George H. Cary, Cary & BeGole, Detroit, Mich., for plaintiff.

Glenn C. Gillespie, Pontiac, Mich., W. R. Roberts, Jackson, Mich. (S. H. Redner, Jackson, Mich., of counsel), for defendants.

LEVIN, District Judge.

Plaintiff, the administrator of decedent's estate, alleging that decedent's death was caused by the negligence of defendant, brings this action under the Death Act of the State of Michigan, Act 297 of the Public Acts of Michigan for 1939, Mich.Stat. Ann. 27.711–27.713, Comp.Laws 1948, §§ 691.581 to 691.591.

Prior to this action, decedent's widow applied to the City of Birmingham, decedent's employer, for a pension, as provided by the city's charter for dependents of employees whose deaths result from personal injury or disease arising out of and in the course of their employment. The pension was granted, and about $3,000 has already been paid by the city to the widow for herself and as guardian of her minor daughter.

In its answer the defendant sets forth as an affirmative defense the contention that the right of action under the Death Act has in this instance been vested in the employer, the City of Birmingham, by virtue of the subrogation clause found in Section 24 (b) of the city charter as follows: "Subrogation Rights. In the event any person becomes entitled to and elects to and does receive pension benefits as the result of accident or injury caused by the act of a third party, the City shall be subrogated to the rights of said person against such third party to the extent of benefits which the city pays or becomes liable to pay. Acceptance of pension benefits by any person shall be construed as an election hereunder, and the City shall hereby be subrogated to the rights of said person against any third party." Defendant has moved for summary judgment based on the existence of this section, and the fact that a pension was paid. Plaintiff has moved to strike all affirmative defenses that are based on the theory that he cannot properly maintain this action.

The following provisions of the Michigan Death Act expressly give a cause of action to the personal representatives of the deceased and to no one else:

"Death Act; actions to be brought only under this act. Sec. 1. Be it enacted * * * whenever the death of a person or injuries resulting in death, shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who,

or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. All actions for such death, or injuries resulting in death, shall hereafter be brought only under this act." Mich.Stat. Ann. 27.711.

"Sec. 2. Every such action shall be brought by, and in the names of, the personal representatives of such deceased person * * *. The amount recovered in every such action for pecuniary injury. resulting from such death shall be distributed to the surviving spouse and next of kin who suffered such pecuniary injury and in proportion thereto." Mich.Stat.Ann. 27.712.

█ While the Death Act gives a cause of action to the decedent's personal representatives, the city charter provides for the city's subrogation to the rights of persons electing to receive pensions under its term. In this case the widow elected to accept a pension under the city charter provisions, but she has no right and never has had a right to recover in her own name under the Michigan Death Act which provides that all actions for "death, or injuries resulting in death, shall hereafter be brought only under this act." Comparison of the provisions of the Death Act and the city charter does not, then, reveal any conflict between them or indicate that the procedural provisions of the Michigan Death Act should be set aside for the purposes of this action.

The situation in this case is not analogous to that presented by the Workmen's Compensation Act, Act No. 10 of the Public Acts of Michigan for 1912, 1st Ex.Sess., as amended, Comp.Laws 1948, § 413.15, when payments are made to beneficiaries under its provisions. The Workmen's Compensation Act creates a statutory exception to the Death Act as follows: "Sec. 15. Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages, or

against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person." Mich.Stat.Ann. 17.189.

An employer has a right to bring suit against third parties under the Death Act when the decedent's dependent heirs have elected. to receive workmen's compensation benefits. City of Grand Rapids v. Crocker, 219 Mich. 178, 189 N.W. 221. The Birmingham charter does not purport to create a similar exception; it provides only for subrogation to the rights of persons accepting pensions under the charter.

█ Although city charters are enacted pursuant to the law of Michigan, Mich. Stat.Ann. Sec. 5.2103, Comp.Laws 1948, § 1.17.24 they are not given the status of the state law. They are the law of the cities effecting them and are basic law with respect to those cities, Sykes v. City of Battle Creek, 288 Mich. 660, 286 N.W. 117; Hudson Motor Car Co. v. City of Detroit, 282 Mich. 69, 275 N.W. 770, 113 A.L.R. 1472, but they are subject always to the constitution and laws of the state, Hudson Motor Car Co. v. City of Detroit, supra. The provisions of a city charter clearly cannot vitiate rights bestowed by an act of the Michigan legislature; the City of Birmingham has no power through its charter to create an exception to the Michigan Death Act.

In coming to this conclusion, I have not overlooked Bross v. City of Detroit, 262 Mich. 447, 247 N.W. 714, urged upon the court by the defendant. In that case the defendant was not a third party wrongdoer but the plaintiff's employer. Both plaintiff and defendant were subject to the Workmen's Compensation Act, which bars an action by the employee against his employer whenever compensation under the act is accepted, and Act No. 173 of the Public Acts of 1921, an amendment to the Workmen's Compensation Act, provides that an employer may waive his right of compensation and accept a pension but cannot have both. In that case it was held that an employee was not entitled to his common law action for

negligence against his employer merely because he had accepted a pension instead of compensation under the act. In the case at bar the action is brought not against the employer but against a third party wrongdoer. However, the Michigan Supreme Court in Bross did not overrule its previous opinion in Ford v. Kuchne, 242 Mich. 428, 219 N.W. 680, which held that an employee receiving a pension from the City of Grand Rapids, his employer, was not barred from bringing an action for injuries against a third party wrongdoer.

That the administrator is the proper party in interest is in accord with Pettersch v. Grand Rapids Gas Light Co., 245 Mich. 277, 222 N.W. 123, in which it was argued that the administratrix was not the proper party in interest to bring suit for death caused by defendant's negligence because the heirs were recovering compensation from decedent's employer, the United States Government. The court held that the administratrix and not the United States was the proper party plaintiff under the Michigan Death Act, despite the fact that the Government had a right to compensation from the heirs to the extent of payments made to them under the terms of the Federal statute.

Plaintiff's motion to strike affirmative defenses in defendant's answer is granted; defendant's motion for summary judgment is denied. This holding does not imply that the City of Birmingham in an appropriate proceeding may not obtain reimbursement from a recovery on behalf of the widow and daughter.